■ Albert H. Ruppar, Appellant, v. Helen Jurgensen, Defendant, and Evelyn R. Ruppar, Respondent.— In an action by a husband: (1) to declare fraudulent and void a deed conveying certain real property to his wife (the

defendant Evelyn R. Ruppar); (2) to impress a trust upon such real property; and (3) to direct his wife's mother (the defendant Helen Jurgensen) to execute a deed reconveying the property to the husband and the wife as tenants by the entirety, in which the wife interposed two counterclaims for a judicial separation, the husband appeals, as limited by his brief, as follows from six orders of the Supreme Court, Nassau County: (1) from so much of an order, entered July 29, 1964, as (a) vacated his demand for a bill of particulars; (b) denied his motion to preclude the defendant wife from giving evidence at the trial of the items demanded in his bill of particulars; (c) directed him to pay $500 to her for counsel fees; and (d) denied his motion for a hearing on the necessity for the award of counsel fees; (2) from the entire order, entered September 18, 1964, which, *inter alia*, (a) adjudged him in contempt for failing to comply with the court's prior order, dated June 10, 1964, directing him to make certain payments to the defendant wife; (b) directed her to enter judgment against plaintiff for arrears of alimony and counsel fee; (c) awarded her an additional $250 in counsel fees; (d) directed plaintiff's employer, First Republic Corporation of America, to deduct from plaintiff's salary certain amounts to be applied in satisfaction of his obligations to pay alimony, support and counsel fee; (3, 4 and 5) from orders, entered respectively December 2, 1964, January 8, 1965 and February 17, 1965, which culminated in a direction that plaintiff's pleadings be struck out for his failure to appear for pretrial examination; (6) from so much of an order, entered April 8, 1965, as (a) denied plaintiff's motion to vacate the note of issue; and (b) directed that the case be added to the Special Term Calendar for May 3, 1965. Order of July 29, 1964 modified as follows: (1) by striking out the provisions granting the defendant wife an additional $500 in counsel fees and denying plaintiff's motion for a hearing on the question of necessity; and (2) by substituting therefor the following: (a) a provision denying the defendant wife's motion to the extent that it seeks counsel fees; (b) a provision referring the issue as to counsel fees to the trial court for its determination upon the basis of the proof adduced at the trial; and (c) a provision to the effect that this disposition is with leave to the defendant wife, if so advised, to renew her motion at Special Term in the event that prior to the entry of final judgment the plaintiff shall have failed to support and maintain her and the children in the same manner as they had been supported and maintained before he left the marital domicile. As so modified, the order, insofar as appealed from, is affirmed, without costs. Upon the facts and circumstances presented by this record it was an improvident exercise of discretion to now grant the additional counsel fee in the absence of a hearing and proof as to necessity (*Scheideler* v. *Scheideler*, 10 A D 2d 991; *Ruppar* v. *Jurgensen*, App. Div., 2d Dept., March 15, 1965). Order of September 18, 1964 modified as follows: (1) by striking out the provision directing First Republic Corporation of America to withhold certain amounts from plaintiff's salary; (2) by striking out the provision awarding the defendant wife an additional $250 in counsel fees; and (3) by substituting therefor the following: (a) a provision submitting the question of counsel fees to the trial court for its determination upon all the proof adduced at the trial; and (b) a provision granting leave to the defendant wife, if so advised, to renew her motion at Special Term in the event that prior to the entry of final judgment the plaintiff shall have failed to support and maintain her and the children in the same manner as they had been supported and maintained before he left the marital domicile. As so modified, the order is affirmed, without costs. It appears that as of the date of the order, the plaintiff was no longer employed by the named corporation. Appeal from order of December 2, 1964 dismissed, without costs; that order was superseded by the order of January 8, 1965. Order of January

8, 1965 reversed, without costs; the defendant wife's motion to strike out plaintiff's pleadings is denied, and plaintiff's cross motion to vacate the defendant wife's notice of pretrial examination is dismissed as academic. In light of all the circumstances, we believe plaintiff would have suffered hardship and inconvenience in coming from California to New York for pretrial examination. Therefore, it was an improvident exercise of the court's discretion to strike his pleadings for failure to appear. The defendant wife's right to file a statement of readiness and proceed to trial is not lost by her present inability to examine him in person (Rules App. Div. [2d Dept.], part 7, rule VI). He may be ordered to appear for examination 10 days prior to commencement of the trial on 5 days' written notice. Order of February 17, 1965 reversed, without costs, in view of the disposition of the order of January 8, 1965. Order of April 8, 1965, insofar as appealed from, reversed, without costs; and plaintiff's motion to vacate the note of issue previously filed, granted with leave to the defendants, if so advised, to amend and refile the note of issue and statement of readiness to take into consideration the entire action, that is, the plaintiff's cause of action to set aside the real estate conveyance and the defendant wife's counterclaims for a judicial separation. Since plaintiff's complaint upon the cause of action to set aside a fraudulent conveyance has been restored by a reversal of the order of January 8, 1965, he is entitled to a trial of the issues arising upon that cause of action. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.